UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STACY LASHER,

                Petitioner,

v.                                        9:21-CV-0520
                                               (GTS/ML)

T. TYNON,

                Respondent.

---

APPEARANCES:                                             OF COUNSEL:

STACY LASHER
Petitioner pro se
17-A-1343
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

HON. LETITIA JAMES                               MARGARET A. CIEPRISZ, ESQ.
Attorney for The State of New York              Ass't Attorney General
New York State Attorney General
28 Liberty Street
New York, NY 10005

MIROSLAV LOVRIC
United States Magistrate Judge

**REPORT-RECOMMENDATION and ORDER**

**I.    INTRODUCTION**

      Petitioner Stacy Lasher seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."), Dkt. No. 1-1 at 1-6, Memorandum of Law; Dkt. No. 1-1 at 6-

31.[1]  Respondent opposed the petition.  Dkt. No. 9, Memorandum of Law in Opposition; Dkt. No. 10, Answer; Dkt. Nos 11-1 & 11-2, State Court Record; Dkt. No. 11-3, State Court Transcripts.  Petitioner filed a reply.  Dkt. No. 15, Traverse.

## II.  RELEVANT BACKGROUND

### A.  Criminal Proceedings

On August 10, 2015, petitioner appeared before the Schenectady City Court.  Dkt. No. 11-3 at 2-10.  Petitioner exercised his right to represent himself.  *Id.* at 4.  Petitioner was arraigned on a felony complaint for a second degree burglary which allegedly occurred on August 9, 2015.  *Id.* at 5.  The Court informed petitioner of a preliminary hearing scheduled on August 14, 2015, and encouraged him to reconsider his decision to represent himself.  *Id.* at 6.  The matter was continued to the following day where the court appointed the public defender to represent petitioner throughout his subsequent court proceedings..  *Id.* at 14.

On August 14, 2015, the People submitted notice, pursuant to New York Criminal Procedure Law § 180.80, that "the grand jury has taken action . . . divesting this case to County Court."  Dkt. No. 11-3 at 17.  Specifically, "the Grand Jury . . . acted on August 14 and voted two charges against [petitioner]" – second degree burglary and fourth degree grand larceny for events occurring on or about August 9, 2015.  SCR at 25-26, 591, 614-15.  On September 2, 2015, Indictment No. B-815-2 was filed with the court.  SCR at 26, 615.

Subsequently, the grand jury, under Indictment No. A-216-9, also charged petitioner with second degree burglary, second degree criminal mischief, and petit larceny all arising out

---

[1] For the sake of clarity, with the exception of the State Court Record, Dkt. Nos. 11-1 & 11-2, citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Because the State Court Record is separately, consecutively paginated – by the Bates Stamp located in the center of the bottom of each page – citations will refer to those page numbers instead of the CM/ECF pagination.

of incidents occurring on or about August 8, 2015. SCR at 28-29. On March 30, 2016, the indictment was filed. *Id.*

Pursuant to the People's motion, Indictment Nos. B-815-2 & A-216-9 were consolidated. SCR at 226-27. The Court held that the "crimes [were] joinable . . . because, although based upon different criminal transactions, the offenses charged [we]re the same or similar in law." SCR at 227.

On November 7, 2016, petitioner appeared in Schenectady County Court to enter a negotiated plea to the consolidated indictments. Dkt. No. 11-3 at 122-142. Petitioner would plead guilty to second degree burglary, waive his right to appeal, and pay restitution in full satisfaction of all outstanding charges and in exchange for an eight year determinate sentence with five years post-release supervision and sentencing as a second felony offender. *Id.* at 124-26.

During the plea colloquy, petitioner indicated that (1) he had enough time to thoroughly discuss the plea with his counsel; (2) he had no further questions about the terms of the plea; (3) he was not under the influence of any drugs or alcohol which would impede his decision making ability; (4) he had not been threatened or coerced into accepting the plea; and (5) no other promises outside of the terms of the plea had been made. Dkt. No. 11-3 at 126-29. The court also reviewed the various rights petitioner was voluntarily giving up, including his right to a trial, remain silent, introduce proof and call witnesses, and cross-examine individuals. *Id.* at 129-30. In fact petitioner indicated that his plea was "voluntary [and] knowledgeable." *Id.* at 130. Finally, petitioner indicated his understanding of the waiver of his right to appeal and signed said waiver form. *Id.* at 131-32; *see also* SCR at 131 (signed waiver of appeal). The court noted that petitioner was "alert in the courtroom, . . . responding intelligently, his

3

demeanor's good[; therefore, the Court held petitioner wa]s proceeding knowingly, intelligently and voluntarily." Dkt. No. 11-3 at 133. Petitioner then admitted, under oath, that he was "pleading guilty because [he was] in fact guilty" of second degree burglary. *Id.* at 134, 138-39.

On March 28, 2017, petitioner was sentenced. Dkt. No. 11-3 at 143-154. Petitioner was adjudicated a second felony offender and sentenced as promised, to a determinate prison term of eight years with five years post-release supervision. *Id.* at 153-54.

### B.    Direct Appeal

Petitioner filed a counseled brief on direct appeal which argued, as is relevant to the instant action, that petitioner was entitled to relief because his counsel was constitutionally ineffective for failing to first provide petitioner with the opportunity to testify before the grand jury and then file a motion to dismiss the indictment when said opportunity was precluded. SCR at 13-16; *accord* SCR at 50-53 (affirmation from petitioner in support of direct appeal). The People opposed the appeal. SCR at 599-613.

In response to the People's opposition, petitioner authored a letter to the New York State Appellate Division, Third Department. SCR at 683-84. Petitioner clarified that he was not filing a pro se supplemental brief in conjunction with the counseled motion; however, he did request that the Third Department consider one additional argument. SCR at 683. Petitioner argued that the People filed a 180.80 notice during the court appearance on August 14, 2015. *Id.* That notice precluded petitioner from having a preliminary hearing; however, the indictment was not reported until September 2, 2015, nineteen days later. *Id.* Petitioner argued that this delay appeared to constitute a misrepresentation that denied him the "due process of law guaranteed . . . by the New York State Constitution . . . as well as the 5th and 14th Amendments to the United States Constitution." SCR at 683-84. Additionally, a counseled reply brief was

4

filed on petitioner's behalf. SCR at 686-700.

The Third Department unanimously affirmed petitioner's conviction. *People v. Lasher*, 166 A.D.3d 1242, 1243 (3rd Dep't 2018).[2] The Third Department held that

> to the extent that [petitioner] argues that the People failed to provide proper notice of the grand jury proceedings, such claim was forfeited by his guilty plea . . . [Petitioner's] ineffective assistance of counsel claim, based upon his counsel's failure to object to a lack of preliminary hearing on the charges leading to the first indictment, was also forfeited by his guilty plea, as it does not directly involve the plea bargaining process . . . Petitioner also contends that he was deprived of the effective assistance of counsel by counsel's failure to secure his testimony before the grand jury. Failure of defense counsel to facilitate a defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance. . . . Moreover, [petitioner] has not demonstrated that he was prejudiced . . . and there is no claim that had he testified in grand jury, the outcome would have been different.

*Id.* at 1242 (internal citations and quotation marks omitted). While not specifically challenged in this action, the Third Department also found that any challenges to the validity of the plea were unpreserved. *Id.* at 1242-43.

Petitioner sought leave to appeal the denial. SCR at 705-706 (counseled application); SCR at 707-708 (pro se application). The People opposed petitioner's requests. SCR at 709-710. On January 30, 2019, the New York State Court of Appeals denied the motion. *People v. Lasher*, 32 N.Y.3d 1174 (2019).[3]

Petitioner filed a pro se application for reconsideration of the January Order. SCR at 713-19. The People filed an opposition. SCR at 720-21. On December 27, 2019, the Court of Appeals denied the motion. SCR at 722.

---

[2] A copy of the Third Department decision is also included in the State Court Record. SCR at 702-04.

[3] A copy of the Court of Appeals decision is also included in the State Court Record. SCR at 712.

### C. Post-judgment Motions

#### 1. Motion to Vacate the Conviction ("440 motion")

While his direct appeal was still pending, petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, arguing that his state and federal constitutional rights were violated when the prosecutor "filed false documentation with the court that states [petitioner] was indicted on August 14, 2015, when in fact, [his] case was not presented to the grand jury until September 2, 2015." SCR at 725. The People opposed the motion. SCR at 730-33. Petitioner filed two replies. SCR at 172-181.

On March 13, 2019, the Schenectady County Court denied the 440 motion. SCR at 748-49. Specifically, the Court denied the motion because (1) petitioner pled guilty and waived his right to appeal and (2) the issues were records-based and could have been raised on direct appeal. SCR at 749.[4]

Petitioner sought leave to appeal. SCR at 750-763; *see also* SCR at 764-66, 770-782 (supporting supplemental submissions). The People opposed. SCR at 767-69. On May 21, 2019, the Third Department denied the application. SCR at 783.

#### 2. Writ of Error Coram Nobis

In September of 2019, petitioner filed for a writ of error coram nobis claiming that his appellate counsel was constitutionally ineffective for failing to raise the aforementioned argument about the inconsistency in the dates between when the grand jury allegedly indicted petitioner. SCR at 784-799. The People opposed the motion. SCR at 800-804. On January 9, 2020, the Third Department denied petitioner's motion. SCR at 805. Petitioner

---

[4] The County Court cited to Criminal Procedure Law § 440.10(2)(a) to deny the 440 motion specifically because petitioner "failed to raise the issue . . . in his appeal to the . . . Third Department[.]" SCR at 749.

unsuccessfully attempted to appeal the decision, SCR at 806-808, with the Court of Appeals denying petitioner's application on April 23, 2020, SCR at 809.

### 3. State Habeas Corpus Proceeding

In June of 2019, petitioner filed a petition in state court seeking habeas corpus relief. SCR at 810-16. Petitioner argued, as he had previously in his 440 motion, that the prosecutor had violated petitioner's due process rights by (1) misrepresenting the date when the grand jury acted to indict petitioner, and (2) improperly filing a 180.80 notice which wrongly obviated the need for a preliminary hearing and divested jurisdiction to another court. SCR at 812-14.

The Washington County Supreme Court denied and dismissed the petition, without a hearing, on August 12, 2019. SCR at 817. Specifically, the court held that the

> matter [wa]s inappropriate for habeas corpus relief because [petitioner] seeks to challenge judgments of conviction and sentences rendered . . . based upon grounds which either have been, or could be, raised and decided by direct appeal or through a proceeding brought for relief pursuant to CPL Article 440. Therefore, petitioner [wa]s not entitled to habeas corpus relief.

*Id.*

Petitioner appealed the denial; however, the Third Department affirmed the decision. SCR at 828. Specifically, the Third Department explained that petitioner sought habeas corpus relief arguing "prosecutorial misconduct that led to the denial of a preliminary hearing prior to being indicted." *Id.* However, the Third Department explained that habeas was not the appropriate vehicle for relief because the claim "could have been raised on direct appeal or in the context of a . . . 440 motion." *Id.* Further, "the issue of the denial of a preliminary hearing was raised unsuccessfully on direct appeal under a different rubric, as an ineffective assistance of counsel claim[.]" SCR at 829. Deeming there nothing "extraordinary . .

7

.warranting a departure from the traditional orderly procedure," the Appellate Division dismissed petitioner's application. *Id.*

Petitioner again sought to appeal. However, on March 25, 2021, the Court of Appeals denied the application. SCR at 830.

## III.    THE PETITION

Petitioner challenges a 2017 judgment of conviction in Schenectady County, upon a guilty plea, of second degree burglary. Pet. at 1-2; *accord People v. Lasher*, 166 A.D.3d 1242, 1242 (3rd Dep't 2018) ("*Lasher I*").

Petitioner contends that he is entitled to federal habeas relief because (1) his Due Process rights were violated when the prosecutor perjured himself and filed false documentation with the trial court relating to when petitioner's case was presented to the grand jury and petitioner was indicted and (2) liberally construing his petition, his trial counsel was ineffective for failing to make the aforementioned argument. Pet. at 6-7; Dkt. No. 1-1 at 1-6.

## IV.    DISCUSSION

### A.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §§2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170, 180-81, 185 (2011); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This

standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508-509 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 562 U.S. at 103)).

Additionally, the AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, 567 U.S. 37, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting *Renico,* 559 U.S. at 779). A state court's findings are not unreasonable under §2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473.

Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)). "A state court decision is based on a clearly erroneous

factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Lewis v. Conn. Comm'r of Corr.*, 790 F.3d 109, 121 (2d Cir. 2015). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" *Johnson v. Williams*, 568 U.S. 289, 301 (2013).

### B. Procedural Bar

A federal court is precluded from issuing a writ of habeas corpus if an adequate and independent state-law ground justifies the petitioner's detention. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). Accordingly, "[f]ederal courts generally will not consider a federal issue in a case if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). This results in a state-law procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *see also Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A] federal claimant's procedural default precludes federal habeas review . . . only if the last state court rendering a judgment in the case rests its judgment on the procedural default.").

This analysis applies with equal force "whether the independent state law ground is substantive or procedural . . . ." *Garvey*, 485 F.3d at 713 (citing *Lee*, 534 U.S. at 375). Pursuant to this analysis, a state law ground is generally adequate where "it is firmly established and regularly followed in the state;" however, "in certain limited circumstances, even firmly established and regularly followed state rules will not foreclose review of a federal claim if the application of the rule . . . [wa]s exorbitant." *Id.* at 713-14 (internal quotation marks omitted) (citing *Lee*, 534 at 376).

10

Here, the Schenectady County Court denied petitioner's 440 motion arguing that his due process rights had been violated given the inability to have a preliminary hearing and the inconsistency in the dates the grand jury appears to have acted. SCR at 749. Specifically, the motion was denied because petitioner "failed to raise the issue . . . in his appeal to the . . . Third Department[.]" *Id.* While the decision cited New York Criminal Procedure Law § 440.10(2)(a) in its opinion, it is clear that was a ministerial mistake because the language of the court's explanation is irrelevant to the standard codified in the cited subsection and, instead, tracks the language of the next subsection of the statute. *Compare* New York Crim. Pro. Law ("CPL) § 440.10(2)(a) ("The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless . . . there has been a retroactively effective change in the law controlling such issue[.]") *with* CPL § 440.10(2)(b) ("The judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground . . . to permit adequate review [of the claim on direct appeal]"). Accordingly, it is reasonable to conclude that the county court actually relied upon § 440.10(2)(b) to deny petitioner's 440 motion.

As this Court has already found, "[i]t is well-settled in this Circuit that section 440.10(2)(b) can provide an adequate and independent state law ground on which to deny habeas relief." *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 359 (N.D.N.Y. 2013) (citing cases). As noted above, in "exceptional cases [where] . . . exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question," a claim should not be barred from federal review. *Lee*, 534 U.S. at 376. However, no such exception or exorbitant circumstances are present here.

First, petitioner's claim was clearly records-based. Petitioner referred to the information

11

contained on the indictment and the accompanying court proceedings; thus, the county court actually relied upon the procedural violation in denying his motion. Second, petitioner had the opportunity to put his claim before the Third Department on direct appeal; however he specifically indicated that he did not want his additional claims to be construed as a pro se supplemental brief. SCR at 683. "[H]ad petitioner complied with CPL § 440.10(2)(b) . . . (by filing a pro se supplemental brief), the Appellate Division would have had an opportunity to review petitioner's arguments on their merits." *Cabrera v. Lee*, No. 7:10-CV-8304, 2013 WL 5988950, at \*6 (S.D.N.Y. Nov. 8, 2013). Third, given the consistency with which "New York courts have . . . held that, when a petitioner's direct appeal from a judgment of conviction is pending, he . . . may not raise a claim in a collateral attack on that judgment if sufficient facts in the record will allow its adequate review on direct appeal," and the fact that petitioner failed to comply with that rule, despite the opportunity to do so, the County's Court's application of §440.10(2)(b) was not exorbitant. *Id.* Consequently, petitioner's claim is procedurally defaulted.

Procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he or she is actually innocent. *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501

U.S. at 753. If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Here, the petition neither alleged nor does the record support any contentions of cause or actual innocence. Further, the fact that petitioner admitted his guilt indicates that no fundamental miscarriage of justice will occur if the procedural bar is applied. *See Carpenter v. Unger*, Nos. 9:10-CV-1240 (GTS/TWD), 9:12-CV-0957 (GTS/TWD), 2014 WL 4105398, at *38 (N.D.N.Y. Aug. 20, 2014) (accepting recommendation to dismiss habeas petition as procedurally barred because, in the absence of any other evidence to the contrary, petitioner's admission of guilt in his plea allocution undercut any claims of actual innocence); *Brown*, 2008 WL 2559372, at *3 (holding that "[i]n light of Petitioner's . . . admissions, it is difficult to envision a meritorious claim of innocence with respect to his conviction," therefore the Court's "decision not to consider [petitioner's] claim would not result in a fundamental miscarriage of justice.").

Because cause has not been established, no discussion of prejudice is necessary. Thus there is nothing that can save petitioner's procedurally defaulted claim: habeas relief is precluded.

    **C.**     ***Tollett* Bar**

Petitioner challenges his pre-indictment proceedings, and his trial attorney's performance failing to raise arguments related to those proceedings. Pet. at 6-7. Petitioner never explicitly contests the validity of his guilty plea. In fact, in the reply, petitioner argues that his guilty plea is separate and distinct from the due process violations that he incurred fifteen

months earlier in his criminal proceedings. Traverse at 1-2. Respondent argues that petitioner's guilty plea forfeited any such challenges. Dkt. No. 9 at 11-13.

"[I]t is well settled that a guilty plea represents a break in the chain of events which has preceded it in the criminal process and [petitioner] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Williams v. Gonyea*, No. 9:16-CV-0460 (JKS), 2017 WL 4990645, at *5 (N.D.N.Y. Oct. 31, 2017) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (quotation marks omitted). Instead, petitioner is limited to "attack[ing] the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within acceptable standards." *Id.* (internal quotation marks and citations omitted).[5]

### 1. Prosecutorial Misconduct

Here, petitioner contends that the prosecutor acted unlawfully when he represented that the grand jury indicted him on August 14, 2015, because the indictment itself was dated on September 2, 2015. Pet. at 6; Traverse at 1-2. This misrepresentation precluded petitioner

---

[5] While petitioner does not challenge the constitutionality of his guilty plea, any such challenges would be meritless. In order to comply with constitutional due process protections, a guilty plea must be knowing, voluntary and intelligent. *See United States v. Ruiz*, 536 U.S. 622, 628-29 (2002) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Brady v. United States*, 397 U.S. 742, 748 (1970)). In evaluating whether a plea was knowing and voluntary, a court may consider, "among other things, [petitioner's] allocution statements." *Carpenter v. Unger*, 9:10-CV-1240 (GTS/TWD); 9:12-CV-0957 (GTS/TWD), 2014 WL 4105398, at *19 (N.D.N.Y. Aug. 20, 2014); *see also Padilla v. Keane*, 331 F. Supp. 2d 209, 217 (S.D.N.Y. Aug. 19, 2004) ("Where . . . [petitioner] . . . has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on [petitioner's] sworn statements and hold him to them.").

Here, petitioner's sworn testimony in the record indicated that petitioner (1) understood the myriad of trial rights that he was giving up; (2) had adequate time to discuss the offer with his counsel; (3) was voluntarily pleading guilty because he was actually guilty; and (4) was satisfied with the representation and counsel which he had received. Dkt. No. 11-3 at 126-139. In fact petitioner, unprompted, indicated himself that his plea was "voluntary [and] knowledgeable." *Id.* at 130. Rebutting the presumption of validity that accompanies this colloquy between the petitioner and the court requires overcoming a "formidable barrier" which petitioner has failed to do. *Blackledge*, 431 U.S. at 74. Petitioner's testimony indicates that he was informed about, and explicitly agreed to, the present plea. In short, petitioner has offered nothing substantial enough to overturn the presumption that the representations in his plea allocution are valid.

from having a preliminary hearing. *Id.* However, the events underlying this claim of prosecutorial misconduct occur several months prior to petitioner's guilty plea. Given the time elapsed between the alleged constitutional violations and petitioner's valid guilty plea, petitioner's claim is "foreclosed by the *Tollett* bar." *Woods v. Superintendent*; No. 9:19-CV-0505 (GLS), 2020 WL 3642311, at *11 (N.D.N.Y. July 6, 2020); *see also Williams,* 2017 WL 4990645, at *5 ("Because the events which give rise to this claim occurred prior to [petitioner's] guilty plea, the claim is foreclosed[.]"; *Pena v. Sheahan*, No. 1:15-CV-2455, 2018 WL 3639927, at *15 (S.D.N.Y. June 22, 2018) ("[I]n light of [petitioner's] knowing and voluntary guilty plea, his prosecutorial misconduct claims are irrelevant to the constitutional validity of his conviction and, thus, cannot be the basis for federal habeas review.") (citing *Haring v. Prosise*, 462 U.S. 306, 321 (1983) (explaining that when a petitioner "is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized," as the plea is a break in the chain of events); *United States v. Gregg,* 463 F.3d 160, 164 (2d Cir. 2006) ("a guilty plea . . . conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue[.]"). Thus, petitioner's claims are barred by his guilty plea.

### 2. Ineffective Assistance of Counsel

Liberally construing petitioner's claims, he also contends that his counsel was constitutionally ineffective because he "encompassed the due process violation." Pet. at 7. Petitioner referenced his 440 motion; however, the only discussion of ineffective assistance of

15

counsel occurred in the Third Department's decision denying petitioner's direct appeal whereupon the Third Department determined that petitioner's counsel's failure to object to a lack of a preliminary hearing was forfeited by petitioner's guilty plea. *Lasher*, 166 A.D.3d at 1243. Echoing the Third Department's reasoning, respondent presently argues that any ineffective assistance of counsel claims do not concern the plea bargaining process and, therefore, are also forfeited by petitioner's guilty plea. Dkt. No. 9 at 12-13.

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of professional reasonableness, and but for counsel's alleged errors, the result of the proceedings would have been different, and as a result, petitioner suffered prejudice. *Premo v. Moore*, 562 U.S. 115, 121-22 (2011); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The standard "must be applied with scrupulous care" in habeas proceedings, because such a claim "can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial [or in pretrial] proceedings[.]" *Premo*, 562 U.S. at 122. "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Even if petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *Id.* at 693-94.

New York's test for determining ineffective assistance of counsel is slightly different from

the federal standard. *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010).

> The first prong of the New York test is the same as the federal test . . . The difference arises in the second prong . . . In New York, courts need not find that counsel's inadequate efforts resulted in a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Instead, the question is whether the attorney's conduct constituted egregious and prejudicial error such that [petitioner] did not receive a fair trial.

*Id.* at 124 (internal citations omitted). In sum, "the focus of the inquiry is ultimately whether the error affected the fairness of the process as a whole," so a petitioner "need not demonstrate that the outcome of the case would have been different but for counsel's errors; a [petitioner] need only demonstrate that he was deprived of a fair trial overall." *Id.* This standard is "more generous . . . . . . than [the] *Strickland*[ standard;]" however, it "is not contrary to the *Strickland* standard." *Id.*

It is important to note that, under either standard, "the *Tollett* bar also applies to 'ineffective assistance claims relating to events prior to the guilty plea.'" *Oddy v. Gonyea*, No. 9:18-CV-0425 (JKS), 2020 WL 3574633, at *7 (N.D.N.Y. July 1, 2020) (quoting *United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996)); *see also People v. Thomas*, 768 N.Y.S.2d 519, 520 (3rd Dep't 2003) (explaining that "ineffective assistance of counsel [claims] predicated on counsel's failure to challenge the indictment or make other pretrial motions," is waived with a voluntary guilty plea).

Petitioner contends that his trial counsel should have challenged the alleged misrepresentations concerning the dates of the indictment and the resulting inability for petitioner to have a preliminary hearing. However, "[b]y voluntarily pleading guilty, (as discussed [*supra*]), [petitioner] forfeited his right to bring claims premised on actions that his

17

counsel should have taken prior to the plea process." *Byng v. Annucci*, No. 9:18-CV-0994 (JKS), 2021 WL 1565189, at \*6 (N.D.N.Y. Apr. 21, 2021) (holding *Tollett* bar applied to ineffective assistance claims arguing *inter alia* counsel was defective for failing to move to dismiss an indictment as defective prior to entering into a valid guilty plea); *see also Oddy v. Gonyea*, No. 9:18-CV-0425 (JKS), 2020 WL 3574633, at \*7 (N.D.N.Y. July 1, 2020) (applying *Tollett* bar to claims that counsel was ineffective for failing to move to dismiss an indictment based on the grand jurors' failure to understand the grand jury proceedings given the petitioner's valid guilty plea).[6]

### D.     Cognizability

Liberally construing petitioner's submissions, he also appears to challenge the "depriv[ation] of his preliminary hearing." Dkt. No. 1-1 at 3-4. However, "there is no constitutional right to a preliminary hearing," therefore, "[p]etitioner's claim is not cognizable here." *Strong v. Mance*, No. 9:07-CV-0878 (NAM/GHL), 2010 WL 1633398, at \*8 (N.D.N.Y. Apr. 2, 2010); *see also Harrison v. Griffin*, No. 1:14-CV-4452, 2017 WL 3105853, at \*4 (E.D.N.Y. July 20, 2017) ("A violation of CPL § 180.80 raises a question of state statutory

---

[6] Moreover, the Appellate Division also rejected petitioner's ineffective assistance of counsel claims related to "counsel's failure to object to a lack of preliminary hearing on the charges leading to the first indictment . . . [as] forfeited by [petitioner's] guilty plea[.]" *Lasher*, 166 A.D.3d at 1243. The record reflects that, during the plea colloquy, petitioner specifically acknowledged that he understood that he was waiving his right to appeal, Dkt. No. 11-3 at 131-32, which was separate and apart from that related to the other trial rights that petitioner was also waiving with his guilty plea, Dkt. No. 11-3 at 129-30, as well as signing a written waiver form, SCR at 131. The record fully supports the Appellate Division's decision that petitioner's waiver of his right to appeal was valid. Consequently, petitioner's claims about ineffective assistance of counsel, which were previously barred in state court by a valid appeal waiver, are also procedurally barred from federal habeas review here. *See Alvarez v. Yelich*, No. 2:09-CV-1343, 2012 WL 2952412, at \*5 (E.D.N.Y. July 17, 2012) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief.") (citing cases).

As discussed *infra*, procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he or she is actually innocent. *House*, 547 U.S. at 536-39; *Schlup*, 513 U.S. at 327; *Jackson*, 763 F.3d at 133. Here, the petition neither alleged nor does the record support any contentions of cause or actual innocence. Further, the fact that petitioner admitted his guilt indicates that no fundamental miscarriage of justice will occur if the procedural bar is applied. *See Carpenter*, 2014 WL 4105398, at \*38.

procedure only and implicates no federal constitutional rights.") (citations omitted).

Further, even if the claim were cognizable and "even if there was a CPL § 180.80 violation, it does not invalidate the petitioner's conviction or sentence, and does not entitle him to habeas relief." *Harrison*, 2017 WL 3105853, at \*4 (citing *Phelan v. Sheahan*, No. 9:11-CV-0416 (JKS), 2013 WL 149476, at \*10 (N.D.N.Y. Jan. 14, 2013) ("[Petitioner] has cited no New York case that has held that a failure to release a criminal defendant in violation of CPL 180.80 entitled him . . . to have a conviction vacated. Independent research by this Court not only has not uncovered any such supporting authority, but that the reverse is true.").

## V.  CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED** that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall provide petitioner with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**RECOMMENDED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[7] and it is further

**RECOMMENDED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

---

[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**ORDERED** that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

DATED: May 10, 2022

*[signature]*
Miroslav Lovric
U.S. Magistrate Judge