UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STACY LASHER,

                          Petitioner,

v.                                                    9:21-CV-0520
                                                        (GTS/ML)

T. TYNON,

                          Respondent.

_____

APPEARANCES:                                              OF COUNSEL:

STACY LASHER, 17-A-1343
  Petitioner, *Pro Se*
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

HON. LETITIA A. JAMES                           MARGARET A. CIEPRISZ, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *habeas corpus* filed pro se by Stacy Lasher ("Petitioner"), is the Report-Recommendation of United States Magistrate Judge Miroslav Lovric recommending that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 24.) Petitioner has filed a timely Objection to the Report-Recommendation and Respondent has filed a timely response to that Objection. (Dkt. Nos. 24, 25, 26.) For the reasons set forth below, Magistrate Judge Lovric's Report-

Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

I.    **APPLICABLE LEGAL STANDARD**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a

2

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

secondary evidentiary hearing is required.").

   [3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**II.    ANALYSIS**

Even when construed with the utmost of special leniency, Plaintiff's Objection does not contain a specific challenge to any portion of the Report-Recommendation (i.e., identifying the portion of the Report-Recommendation that he is challenging and the basis of his challenge). (*See generally* Dkt. No. 25.) Instead, in his Objection to the Report-Recommendation, Petitioner argues that his Petition should not be dismissed because (despite his request) he has never been provided with the grand jury transcript, which would determine the actual date on which Petitioner was indicted. (*See generally id.*)[5] Moreover, after carefully reviewing the relevant

---

3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[5]    As Respondent argues in his response to Petitioner's Objection, Magistrate Judge found no need for the Court to review the transcript because he concluded that "petitioner's claims are either procedurally barred from review, foreclosed by his guilty plea, or not cognizable on habeas review." (Dkt. No. 26, at 2.)

papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. In any event, even if the Court were to subject the Report-Recommendation to a de novo review, it would find the Report-Recommendation survives that review: Magistrate Judge Lovric has employed the proper standards, accurately recited the factual allegations, and reasonably applied the law to those factual allegations. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 24) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: June 29, 2022
         Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge